UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK M. DUNN, et al.,

      Plaintiffs,

                                     Case No. 2:26-cv-92

v.

                                     HON. JANE M. BECKERING

REAL TIME RESOLUTIONS, INC.

      Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

Plaintiffs initiated this action on March 12, 2026 by filing a Verified Complaint in state court alleging violations of the federal Truth in Lending Act and Fair Debt Collection Practices Act (Compl., ECF No. 1-1). They also assert a claim to quiet title (*id.*). On March 12, 2026, Plaintiffs filed a motion for an ex parte temporary restraining order in state court (Mot., ECF No. 1-2). The state court granted the motion on March 13, 2026 (State Court Temporary Restraining Order, ECF No. 1-3 at PageID.61–63). The state court set a preliminary injunction hearing for April 17, 2026 (Notice, ECF No. 1-4). Defendant removed on April 16, 2026, the day before that hearing, representing that this Court could properly exercise jurisdiction over this matter (Notice of Removal, ECF No. 1). On April 20, 2026, the Court extended the state court's temporary restraining order and set a briefing schedule regarding the preliminary injunction motion.

Shortly thereafter, Defendant reversed its position. Defendant represented that the notice of removal it had filed was invalid because Plaintiffs had actually filed dismissal papers "in the State Court on April 16, 2026, before [Defendant] mailed its Notice of Filing Removal to the State Court on April 17, 2026" (Notice, ECF No. 6 at PageID.80). According to Defendant, "[b]ecause

the removal had not yet become effective at the time Plaintiffs' Notice of Dismissal was filed and entered in State Court, the State Court retained jurisdiction," indicating "Plaintiffs' voluntary dismissal [in the state court] is valid and operative" (*id.*). Given that the state court case "was dismissed before removal became effective," no "claims remain pending before this Court" (*id.*). Additionally, "Counsel for Defendant provided a copy of this Notice to Plaintiffs' counsel as a courtesy prior to filing, and Plaintiffs' counsel has indicated that there is no objection" to this recitation of the facts nor "to the relief requested" by Defendant. Defendant "respectfully requests that this Court enter an order: (1) acknowledging Plaintiffs' voluntary dismissal of the underlying State Court action; (2) staying all pending deadlines in this matter pending dismissal of this action or such other direction as the Court deems appropriate; and (3) closing this case, with each party bearing its own costs and attorney fees" (*id.*).

After careful review of the submissions of the parties, the supporting exhibits appended thereto, and relevant authorities, the Court concludes that this matter should be dismissed. *See* 28 U.S.C. § 1446(d).

Accordingly, for good cause shown:

**IT IS HEREBY ORDERED** that the temporary restraining order in this matter is DISSOLVED and this matter is DISMISSED for the reasons stated above. A separate judgment will issue, with each party bearing its own costs and fees.

Dated: April 28, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge